**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANGEL GUZMAN, PETITIONER, | : | CRIMINAL NO.: 07-CR-146 (JCH) |
| v. | : | CIVIL NO.: 09-CV-00767 (JCH) |
| UNITED STATES OF AMERICA, Respondent | : | SEPTEMBER 2, 2009 |

**RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1)**

Petitioner Angel Guzman, a federal prisoner, is currently serving a 60 month sentence following his plea of guilty to one count of conspiracy to possess with intent to distribute five grams or more of cocaine base ("crack cocaine") in violation of sections 841(a)(1), 841(b)(1)(B) and 846 of Title 21 of the United States Code. Guzman has moved this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleges that his attorney provided him with constitutionally ineffective assistance of counsel by failing to object to a two-level sentence enhancement for his possession of a firearm. See Mot. to Vacate at 5 (Doc. No. 1). Because Guzman waived his right to appeal pursuant to his plea agreement, the court denies his Motion.

## I. BACKGROUND

On June 26, 2007, Guzman, along with his co-defendant, Luis Rodriguez, was indicted by a federal grand jury in a five-count indictment alleging violations of the federal narcotics and firearms laws. Guzman was named in four of the counts. Count One charged him with conspiracy to possess with intent to distribute five grams or more of cocaine base. Count Two charged him with possession with intent to distribute cocaine base, in violation of Title 21, United States Code, sections 841(a)(1) and

841(b)(1)(c), and section 2 of Title 18 of the United States Code. Count Four charged Guzman with unlawful possession of a firearm as a previously convicted felon, in violation of Title 18, United States Code, sections 922(g)(1) and 924(a)(2). Count Five charged him with possession with the intent to distribute five grams or more of crack cocaine in violation of sections 841(a)(1) and 841(b)(1)(B) of Title 21 of the United States Code.

On December 17, 2007, Guzman pled guilty to Count One of the indictment. The Plea Agreement contained the following paragraph, entitled "Waiver of Right to Appeal or Collaterally Attack Sentence":

> The defendant acknowledges that under certain circumstances, he is entitled to appeal his conviction and sentence. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 63 months, even if the Court imposes such a sentence based on an analysis different from that specified above. . . . The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

Plea Agreement (Doc. No. 37), United States v. Guzman, 07-cr-146(JCH), at 4, ¶ 5. Before accepting the Plea Agreement, the court discussed Guzman's waiver of his appeal/collateral attack rights in detail. See Change of Plea Transcript ("Plea Tr.") (Doc. No. 64), United States v. Guzman, 07-cr-146(JCH), at 18:21-19:25. Guzman indicated that he understood that he could not attack the sentence if it was under 63 months. Id. at 19:19-19:25. The court then determined that Guzman entered into the Plea Agreement knowingly and voluntarily. Id. at 31:21-22.

On May 19, 2008, this court sentenced Guzman to 60 months imprisonment, to be followed by four years of supervised release. Prior to imposing the sentence, the

court performed a calculation under the Sentencing Guidelines and determined Guzman's applicable offense level to be 21 and his criminal history category to be II. This level and history category would ordinarily result in a sentence range of 41 to 51 months. However, the offense to which Guzman pleaded guilty to has a statutory minimum sentence of 5 years, so his sentence range was effectively increased to 60 months.

In the Plea Agreement, the government had reserved its right to argue at sentencing for a two-level firearm enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), which would have increased the sentencing range to 60 to 63 months. See Plea Agreement at 4. In his sentencing memorandum, Guzman's counsel argued against the application of the firearm enhancement. See Def.'s Sentencing Mem. at 1, 3-4 (Doc. No. 95), United States v. Guzman, 07-cr-146(JCH). At the sentencing hearing, the government did not argue for the firearm enhancement, and the court did not make a finding as to the enhancement. The court sentenced Guzman to the statutory mandatory minimum of 60 months. The government then moved to dismiss the remaining counts of the Indictment as to Guzman, which this court granted. See Oral Mot. to Dismiss Remaining Counts (Doc. No. 97), United States v. Guzman, 07-cr-146(JCH). On May 11, 2009, Guzman filed this motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255.

## II. STANDARD OF REVIEW

"Because requests for habeas corpus relief are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to

direct, attack." Ciak v. U.S., 59 F.3d 296, 301 (2d Cir. 1995) (internal citation omitted). "As a general rule, relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Napoli v. U.S., 32 F.3d 31, 35 (2d Cir. 1994) (internal citations and quotation marks omitted). Because Guzman is proceeding *pro se*, the court must read his "submissions broadly so as to determine whether they raise any colorable legal claims." Parisi v. U.S., 529 F.3d 134, 139 (2d Cir. 2008) (citing Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002)).

## III. DISCUSSION

### A. Procedural Default

Generally, a petitioner may not present a claim on habeas if he did not properly raise it on direct review. See Reed v. Farley, 512 U.S. 339, 354 (1994). Although Guzman did not bring his claims on direct appeal, he is not procedurally defaulted, because he has made a claim of ineffective assistance of counsel. The Supreme Court has determined that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. U.S., 538 U.S. 500, 509 (2003). In fact, section 2255 is the preferred method for bringing a claim of ineffective assistance of counsel because it is "the forum best suited to developing the facts necessary to determining the adequacy of representation . . . ." Id. at 505. Therefore, Guzman is not procedurally defaulted from bringing this petition.

### B. Waiver of Appeal

The court must consider whether Guzman's explicit waiver of his right to appeal

or mount a collateral attack on his sentence precludes him from bringing a challenge to his sentence under section 2255. "[W]aivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing." U.S. v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (quoting U.S. v. Ready, 82 F.3d 551, 556 (2d Cir. 1996)). "Thus, a defendant's promise in a plea agreement to forgo the right to appeal a sentence is not enforceable unless 'the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." Id. at 116 (quoting Ready, 82 F.3d at 557). A knowing and voluntary waiver of the right to collaterally attack a conviction or sentence, however, is generally enforceable. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001). In this case, the record indicates that Guzman's waiver was knowing and voluntary.

First, Guzman signed the Plea Agreement on December 17, 2009, certifying that he had read the Agreement or had it read or translated to him, that he had ample time to discuss the Agreement with counsel, and that he fully understood and accepted its terms. See Plea Tr. at 31:6-19. Second, defense counsel Attorney Dan E. LaBelle also signed the Agreement, indicating that he had thoroughly read, reviewed, and explained the Agreement to Guzman, who indicated to Attorney LaBelle that he understood and accepted its terms. See id. at 31:3-6. During the change of plea hearing, the court stated to Guzman, "If you sign this plea agreement . . . you would be giving up your right to appeal as long as my sentence wasn't more than 63 months. Do you understand that?" Id. at 19:14-17. Guzman stated that he understood the waiver. Id. at 19:18. Finally, Guzman has never asserted that he did not understand the terms of

the Plea Agreement or that he entered into the Agreement involuntarily, nor has he presented any evidence that would support such a claim.

Nevertheless, the Second Circuit has held that a waiver, contained in a plea agreement, of the right to collaterally attack a sentence can be voided when the petitioner alleges that the process by which he waived such right was deficient. See, e.g., United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001). Thus, a petitioner can properly challenge a waiver by alleging that counsel was ineffective in advising, or allowing, the petitioner to enter into the plea agreement that contained the waiver. See id. at 114; see also Parisi, 529 F.3d at 138-39 ("An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel")(internal quotations and citations omitted). However, a defendant cannot overcome a valid plea agreement waiver and challenge the correctness of his sentence with the argument that he lacked effective assistance of counsel at sentencing. See U.S. v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998). Guzman's Petition is unclear, but even though the court must construe the petition liberally, the court finds that Guzman has claimed he received ineffective assistance of counsel at his sentencing, not at his plea hearing.

Guzman claims that his counsel "failed to object to a two-point indicted gun enhancement," which refers to an enhancement under the Sentencing Guidelines.[1] See Mot. to Vacate at 5. Guzman also argues that this enhancement is a violation of

---

[1] The court notes that Guzman's counsel did object to the two-point enhancement in his sentencing memorandum. See Def.'s Sentencing Mem. at 3-4. Additionally, the court did not apply the enhancement when determining Guzman's sentence.

his jury trial right as set forth in Apprendi v. New Jersey – a case which addresses constitutional violations at sentencing. See Apprendi v. New Jersey, 530 U.S. 466 (2000)(finding Sixth Amendment violation in state statute which allowed trial judge to increase sentence beyond statutory maximum for hate crimes). All the other cases[2] that Guzman refers to in making his claims address constitutional violations at sentencing. Thus, this court finds that Guzman's Petition alleges ineffective assistance of counsel at his sentencing, not in reaching the Plea Agreement or in including the waiver of appellate/collateral attack rights in the Plea Agreement.

Guzman is attacking his sentence, not the process by which he entered into the Plea Agreement. Such an attack is barred by the waiver. Consequently, Guzman's Motion is denied on the ground that he has waived his right to collaterally attack his sentence. Accordingly, the court will not reach the merits of his ineffectiveness claim.[3]

C. Guzman's Second Claim

Reading his Petition broadly, Guzman also appears to argue that the holding of United States v. Booker, 543 U.S. 220 (2005), is "totally unconstitutional" because it was contrary to established precedent set in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). See Mot. to Vacate at 5. The court notes several points in response to this claim. First, this court cannot overrule Supreme Court precedent. Second, even

[2] Guzman cites Jones v. United States, 526 U.S. 227 (1999), Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and Cunningham v. California, 549 U.S. 270 (2007). See Mot. to Vacate at 5.

[3] The court notes, as to the merits as it can best divine them, that it did not find a gun enhancement and, even if it did, the sentence was the lowest allowed by law.

reading the Petition broadly, this court is unable to comprehend what arguments Guzman is making, and how they relate to his case. In any event, Guzman's argument about Booker's holding appears to be irrelevant, because he was sentenced to the mandatory minimum term of imprisonment as set by statute for the offense to which he pled guilty.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** the petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1). Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, any appeal from this order would not be taken in good faith and a certificate of appealability shall not issue. The Clerk is directed to close the case.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of September, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge